

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| SALLY WOJDYLA and PAUL WOJDYLA, § <br> Plaintiffs, § <br> § <br> vs. § <br> § <br> STATE FARM MUTUAL AUTOMOBILE § <br> INSURANCE COMPANY, § <br> Defendant. § | CIVIL ACTION NO. 3:19-1843-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

This is an insurance coverage action, filed by Plaintiffs Sally Wojdyla (Sally) and Paul Wojdyla (Paul) (collectively, the Wojdylas), against Defendant State Farm Mutual Automobile Insurance Company (State Farm).  The Court has jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court are two motions for summary judgment.  One is from State Farm, which asks the Court to rule the Wojdylas are not entitled to payment under Paul's insurance policy for Underinsured Motorist (UIM) coverage (Paul's policy) for an automobile accident Sally was involved in.  And, the other is from the Wojdylas, wherein they request the Court to order State Farm to pay for such coverage.

Having considered the two motions, the responses, the reply, the record, and the applicable law, it is the judgment of the Court State Farm's motion will be granted and the Wojdyla's motion will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

The parties have stipulated to the following facts:

1. Sally . . . was injured in a two car automobile accident on August 19, 2017.

2. At the time of the accident, Sally was a passenger in a 2013 Lexus . . . owned and driven by Paula Mertens (Mertens). [Mertens is Sally's daughter.]

3. The other vehicle involved in the accident was owned and driven by Clarence Jamerson (Jamerson).

4. Jamerson maintained a $50,000 automobile liability policy. These benefits have been paid to Sally and her husband Paul . . . as compensation for their injuries and damages in exchange for a covenant not to execute personally against . . . Jamerson.

5. Mertens maintained an automobile policy which provided $100,000 in UIM coverage. $100,000 was paid to Paul and Sally as compensation for their injuries and damages.

6. State Farm policy number 333 2405-E31-40E [was] issued to Paul.

7. The only vehicle listed under [Paul's policy], a 2001 Dodge Ram 1500 Pickup . . . , was not involved in the accident on August 19, 2017.

8. State Farm policy number 333 2406-E31-40F [was] issued to Sally [(Sally's policy)].

9.  The only vehicle listed under [Sally's policy], a 2005 Hyundai Tucson Sport WG . . . , was not involved in the accident on August 19, 2017.

10. Neither Paul nor Sally owned the 2013 Lexus . . . in which Sally was a passenger on August 19, 2017.

11. Sally qualifies as an insured under [both her and Paul's policies].

12. State Farm paid $100,000 in UIM coverage to Paul and Sally from [Sally's policy].

13. State Farm has not paid any of the $100,000 UIM coverage from [Paul's policy].

14. Paul did not witness the accident in which Sally was injured.

15. Mertens is not a resident relative of Paul and Sally.

Joint Stipulation of Facts at 1-2 (internal quotation marks omitted) (language concerning attachments omitted).

The Wojdylas filed this action in the Richland County Court of Common Pleas. State Farm subsequently removed it to this Court. State Farm then filed its motion for summary judgment, after which the Wojdylas filed theirs. The Wojdyla's motion also contains their response to State Farm's motion. Thereafter, State Farm filed its response to the Wojdyla's motion, to which the Wojdylas filed a reply. The Court, having been fully briefed on the relevant issues, will now adjudicate both motions.

### III.   STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  Summary judgment should be granted under Rule 56 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it might "affect the outcome of the suit under the governing law." *Id.* On a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party.  *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e).  The adverse party must show more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 322–23.  Hence, the granting of summary judgment involves a three-tier analysis.

First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e).  An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  Second, the Court must ascertain whether that genuine issue pertains to material facts.  Fed. R. Civ. P. 56(e).

The substantive law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit.  *Anderson*, 477 U.S. at 248.  Third, assuming no genuine

4

issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1). The primary issue is whether the material facts present a substantive disagreement as to require a trial, or whether the facts are so sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251–52.

The substantive law of the case identifies which facts are material. *Id.* at 248. Only disputed facts potentially affecting the outcome of the suit under that law preclude the entry of summary judgment.

### IV.     DISCUSSION AND ANALYSIS

The basis of the Wojdyla's lawsuit against State Farm is their claim they are entitled to payment under Paul's policy for UIM coverage for Sally's August 19, 2017, automobile accident. The parties' arguments concern two theories of recovery: stacking and the portability of UIM coverage.

#### A.     *Whether state law mandates the Wojdyla's be allowed to stack UIM Coverage*

First, State Farm argues South Carolina law does not require it to allow the stacking of Sally and Paul's UIM coverage. The Wojdylas insist it does. Before the Court considers the parties' arguments, it will provide a brief primer of the relevant terms.

"Stacking refers to an insured's recovery of damages under more than one insurance policy in succession until all of [her] damages are satisfied or until the total limits of all policies have been exhausted." *State Farm Mut. Auto. Ins. Co. v. Moorer*, 496 S.E.2d 875, 883 (S.C. Ct. App. 1998).

5

"Stacking of UIM coverage . . . is governed specifically by statute." *Nakatsu v. Encompass Indem. Co.*, 700 S.E.2d 283, 287 (S.C. Ct. App. 2010). In South Carolina, it is statutorily controlled by S.C. Code § 38-77-160, which provides, in pertinent part, the following:

> Automobile insurance carriers shall offer, at the option of the insured, uninsured motorist coverage up to the limits of the insured's liability coverage in addition to the mandatory coverage prescribed by [the Uninsured Motorist statute]. Such carriers shall also offer, at the option of the insured, underinsured motorist coverage up to the limits of the insured liability coverage to provide coverage in the event that damages are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute. If, however, an insured or named insured is protected by uninsured or underinsured motorist coverage in excess of the basic limits, the policy shall provide that the insured or named insured is protected only to the extent of the coverage he has on the vehicle involved in the accident. If none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage.

*Id*.

Thus, whether the insured or named insured is allowed to stack coverage depends on if she had a vehicle involved in the accident. *Id*. Or, in stacking parlance, "[t]he critical question in determining whether an insured has the right to stack is whether [she] is a Class I or Class II insured." *Ohio Cas. Ins. Co. v. Hill*, 473 S.E.2d 843, 845 (S.C. Ct. App. 1996).

"A Class I insured is an insured or named insured who has a vehicle involved in the accident." *Id*. "[T]o 'have' a vehicle involved in the accident as a prerequisite to stacking mean[s] only that a person must be a Class I insured with respect to a vehicle involved in the accident, i.e., they must be either the named insured, or the spouse or relative living in the same household with the named insured." *Concrete Services, Inc. v. U.S. Fidelity & Guar. Co*., 498 S.E.2d 865, 868 (S.C. 1998). But, the insured need not own the vehicle. *Id*. "Only a Class I insured may stack." *Ohio Cas. Ins. Co*., 473 S.E.2d at 845.

"An insured is a Class II insured if none of [her] vehicles are involved in the accident." *Ohio Cas. Ins. Co.*, 473 S.E.2d at 845. And, as per Section 38-77-160, "[i]f none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage." *Id*.

Applying the law to the facts of this case, inasmuch as "none of [Sally's] vehicles [were] involved in the accident," *id*., she is a Class II insured. Consequently, because "[o]nly a Class I insured may stack[,]" *Ohio Cas. Ins. Co*., 473 S.E.2d at 845., although Sally is entitled to the UIM coverage from her own policy, she is unable to stack Paul's policy with hers.

Nevertheless, throughout the Wojdyla's filings, they state Sally is a Class I insured under Paul's policy. *See*, *e.g.*, Wojdyla's Reply at 5 n. 4 (stating Sally "is . . . a Class I insured under [Paul's policy].). According to them, she is a Class I insured on the basis "that it is not necessary she own a vehicle involved in the accident to be able to recover UIM benefits under multiple policies." Wojdyla's Reply at 4.

But again, "[a] Class I insured is an insured or named insured who has a vehicle involved in the accident." *Ohio Cas. Ins. Co.*, 473 S.E.2d at 845. Thus, although the insured need not own the vehicle involved in the accident, she must have a vehicle in the accident. *Concrete Services, Inc.*, 498 S.E.2d at 868. Because Sally did not, the Wojdyla's Class I argument must fail.

For these reasons, the Court will grant summary judgment to State Farm, and deny it to the Wojdyla, on the stacking issue.

### B.     *Whether the Wojdylas can port the UIM coverage from Paul's separate State Farm policy*

Second, State Farm contends the Wojdyla are not due payment of the $100,000 UIM coverage from Paul's policy under the doctrine of portability. The Wojdylas counter that they are.

"[P]ortability refers to a person's ability to use his coverage on a vehicle not involved in an accident as a basis for recovery of damages sustained in the accident." *Nakatsu*, 700 S.E.2d at 288.

7

"[A]s a general proposition, UIM coverage follows the individual insured rather than the vehicle insured, that is, UIM coverage, like UM, is 'personal and portable.'" *Burgess v. Nationwide Mut. Ins. Co.*, 644 S.E.2d 40, 42 (S.C. 2007).

Thus, portability is what allowed the Wojdylas to receive the $100,000 payment from Sally's UIM coverage. But, to pay them also for the UIM coverage from Paul's policy would be stacking. *Moorer*, 496 S.E.2d at 883 ("Stacking refers to an insured's recovery of damages under more than one insurance policy[.]").

Nevertheless, the Wojdyla state they are not arguing for stacking their two policies, but instead for the portability of the two policies. After all, according to them, "a true stacking case" entails "a singular policy insuring multiple vehicles[.]" Wojdyla's Reply at 3-4 n.3. Here, there are two policies at issue, with Sally and Paul having separate UIM policies on each of their vehicles. Thus, as their argument goes, because Sally and Paul have "separate policies issued by State Farm . . . [they] are entitled to the benefits of the underinsured coverage under" both Sally and Paul's separate insurance policies. *Id*.

But, the Wojdyla offer no case, and the Court has been unable to find one, that supports their contention that "a true stacking case" entails "a singular policy insuring multiple vehicles[.]" *Id*. In fact, the relevant case law cuts against their argument. *See, e.g., Kay v. State Farm Mut. Auto. Ins. Co.*, 562 S.E.2d 676, 678 (S.C. Ct. App. 2002) ("South Carolina courts have interpreted [S.C. Code § 38-77-160] to allow Class I insureds to stack UIM coverage from multiple automobile insurance policies.").

Thus, the Court concludes that the doctrine of portability does not allow the Wojdylas to avail themselves of the UIM coverage from Paul's policy. What they seek here is stacking, which, as the Court explained above, is unavailable here. Accordingly, the Court will also grant State Farm's motion for summary judgment, and deny the Wojdyla's motion, on this claim.

8

### C. *Whether the provision of the policies limiting stacking and portability are valid*

Third, State Farm maintains the portions of the Wojdyla's insurance policies that limit stacking and portability are valid. The Wojdylas argue they are not.

"[A]n insurer cannot contractually limit coverage in contravention of section 38–77–160." *Carter v. Standard Fire Ins. Co.*, 753 S.E.2d 515, 518 (S.C. 2013). Therefore, "[t]o the extent a policy conflicts with an applicable statute, the statute prevails." *Lincoln Gen. Ins. Co. v. Progressive N. Ins. Co.*, 753 S.E.2d 437, 440 (S.C. Ct. App. 2013).

Concerning stacking and portability, the Wojdyla's State Farm policies both provide as follows:

> If . . . you or any resident relative sustains bodily injury or property damage . . . while occupying a motor vehicle not owned by you or any resident relative . . . and . . . Underinsured Motor Vehicle Coverage provided by this policy and one or more other policies issued to you or any resident relative by State Farm . . . apply to the same bodily injury or property damage, then the maximum amount that may be paid from all such policies combined is the single highest limit provided by any one of the policies.

State Farm Policies, Underinsured Motor Vehicle Coverage ¶ 3.

To recap, Section 38-77-160 states, as is relevant here, that "[i]f none of the insured's or named insured's vehicles is involved in the accident, coverage is available only to the extent of coverage on any one of the vehicles with the excess or underinsured coverage." *Id*.

Both the statute and the Wojdyla's policies limit UIM coverage to just one policy. In that respect, and as it applies to the facts of this case, the policy language comports with the statute. Therefore, for purposes of this lawsuit, the policy provision limiting stacking and portability is valid. *See Brown v. Continental Ins. Co.*, 434 S.E.2d 270, 272, (S.C. 1993) ("The policy restriction merely tracks the statutory restriction and is therefore valid.").

For these reasons, the Court will also grant summary judgment to State Farm and deny it to the Wojdylas on this issue.

> **D.**     *Whether Paul is entitled to recover additional amounts under either policy*

Fourth and finally, according to State Farm, it "has paid the applicable limits under the policy to [the Wojdylas] for the claimed bodily injuries from the automobile accident" and, thus, "Paul is not entitled to recover any additional amount[ ]" for his loss of consortium claim.  State Farm's Motion at 12.

The Wojdylas, however, state in their response they are not seeking any additional amounts separate from the stacking of Paul's  policy.  Thus, State Farm is entitled to summary judgment on this claim.

**V.     CONCLUSION**

In light of the foregoing discussion and analysis, it is the judgment of the Court that State Farm's motion for summary judgment is **GRANTED** and the Wojdyla's motion for summary judgment is **DENIED**.

>    **IT IS SO ORDERED**.

Signed this 16th day of September, 2020, in Columbia, South Carolina.

>                    /s/ Mary Geiger Lewis
>                    MARY GEIGER LEWIS
>                    UNITED STATES DISTRICT JUDGE